## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. AMY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15- 1035-D |
| | ) | |
| 1. HAMM & PHILLIPS SERVICE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1.      The Plaintiff is Amy Carter, an adult resident of Dewey County, Oklahoma.

2.      The Defendant is Hamm & Phillips Service Company, Inc., an  entity operating in Dewey County, Oklahoma.

## JURISDICTION AND VENUE

3.      Plaintiff's causes of action are for gender discrimination including creation of a sexually hostile working environment and retaliation after Plaintiff complained of discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims are vested in this Court under 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4.      All of the actions complained of occurred in Dewey County, Oklahoma, and the Defendant may be served in that county.  Dewey County is a county within the United States District Court for the Western District of Oklahoma, thus venue is proper in this Court.

## STATEMENT OF FACTS

5.      Defendant employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer

1

under Title VII.  There is no minimum employee requirement to be subject to the OADA.

6.      Plaintiff was employed by the Defendants from around December 12, 2012 until she was terminated around March 26, 2015.

7.      During her employment the Plaintiff worked under the title of Truck Driver.

8.      At all times the Plaintiff was qualified for her job and performed her job duties satisfactorily.

9.      During Plaintiff's employment she was subjected to a sexually hostile working environment including (but not limited to):

     A.      At least once per week Plaintiff' supervisor, Jeff Helterbrake (Yard Manager) and Jack Hicks (Mechanic) and Albert Jones (Truck Pusher), made sexual jokes about women, commented on the breasts of female employees, including the Plaintiff and made jokes and told stories about oral sex. Mr. Helterbrake made comments about women being unable to get under the truck to work on the truck because their breasts got in the way.

     B.      When Plaintiff would complain about the sexual comments Mr. Helterbrake would tell Plaintiff to "get your big girl panties on".

     C.      Several times per week Mr. Hicks would scream at Plaintiff and the only other female truck driver.  Mr. Hicks would make comments like, "the only place for a woman in a truck is in the sleeper" and that "girls" should not drive trucks.

     D.      Mr. Hicks refused to allow Plaintiff to use the shop restroom because she was a "girl" and the shop restroom was for the men.

     E.      Mr. Helterbreak told the Plaintiff that she should unbutton the front of her shirt until her breasts were exposed.

     F.      Every couple of weeks, Mr. Helterbrake would ask Plaintiff about her sex life, including whether she was having sex or if she "got lucky".  Mr. Helterbrake would ask Plaintiff "who did you do" when she came in to work.

10. The conduct described above, Para. 9, was objectively offensive and offensive to the Plaintiff.

11. Plaintiff complained to Mr. Helterbrake about both his conduct and the conduct of Mr. Hicks.  In response, Mr. Helterbrake told Plaintiff to "put [her] big girl panties on".  Despite Plaintiff's multiple complaints to Mr. Hicks, which occurred throughout the end of 2014 and the beginning of 2015, the harassment continued.

12. Around February 2015, Plaintiff complained of sexual harassment by Mr. Hicks and Mr. Helterbrake.  The complaint was made to Defendant's Human Resources department.

13. Defendant terminated Plaintiff's employment around March 26, 2015.

14. The stated reason for the termination was that Plaintiff had exhibited behavior that resulted in a hostile working environment.

15. This claim is pretextual for several reasons, including that Plaintiff did not engage in the alleged conduct and the true reason for Plaintiff's termination was retaliation for her complaints of sexual harassment.

16. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wage) and emotional distress/dignitary harm symptoms including worry, anxiety, frustration and similar unpleasant emotions.

17. At the least a significant factor in the Plaintiff's termination was her gender and/or complaints of sexual harassment.  Such factors were also motivating factors and/or a but for cause of her termination.

18. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on May 1, 2015.  The EEOC issued Plaintiff her right to sue letter on September 10, 2015 and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

19.     Gender discrimination (including subjecting an employee to sexual harassment and retaliation for the employee's complaints of sexual harassment) violate Title VII and the Oklahoma Anti-Discrimination Act.

20.     Under both Title VII and the OADA, the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

21.     Under Title VII the Plaintiff is entitled to emotional distress/dignitary harm damages.

22.     Because the conduct of the Defendant was willful or, at the least, in reckless disregard for the Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages under Title VII.

23.     Under the OADA the Plaintiff is automatically entitled to liquidated damages equal to her wage loss.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 21st DAY OF SEPTEMBER, 2015.**

s/ Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
HAMMONS, GOWENS, HURST
& ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Amberh@hammonslaw.com
ATTORNEY'S LIEN CLAIMED
JURY TRIAL DEMANDED
*Counsel for Plaintiff*